FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 13 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DEVONTE DOUGHTY                                                PLAINTIFF

VS.                    NO.  3:20-cv-00365 LPR/BD

GREAT DANE TRAILERS, INC.,
previously Great Dane Sales, Inc.,
d/b/a Great Dane Trailer LLC                                   DEFENDANT

This case assigned to District Judge _____ RUDOFSKY
and to Magistrate Judge _____ DEERE

## COMPLAINT

1. This is an action to remedy the termination of the Plaintiff, Devonte Doughty ("Doughty"), from Defendant, Great Dane Trailer, Inc., previously Great Dane Sales, Inc., d/b/a Great Dane Trailer LLC ("Great Dane"), at its Jonesboro, Arkansas plant, in violation of his rights because of his race (African American), and in retaliation for a complaint he made to management.

2. Plaintiff is entitled to relief for racial discriminatory acts and discharge by the Defendant herein under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, and 42 U.S.C. § 1981. Plaintiff also states a cause of action against the Defendant for violating the Arkansas Civil Rights Act.

3. Section 703 of the Civil Rights of 1964 (Title VII), 29 U.S.C. § 20003-2(a)(1), provides that it is "an unlawful employment practice for an employer….to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin."

4. 42 U.S.C. § 1981 states that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security

of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

## Jurisdiction

5. The Court has jurisdiction of this action based upon 28 U.S.C. § 1343 (a)(3)-(4). Jurisdiction for this action is provided by 42 U.S.C. § 2000(e)-5, which allows for injunctive and other remedial relief, as well as damages for discrimination in employment. Jurisdiction for this action is also provided by 42 U.S.C. § 1981.

## Supplemental Jurisdiction

6. "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). Many of the state law claims asserted herein by Plaintiff as hereinafter set forth can be heard by this Court as a matter of supplemental jurisdiction.

7. This is a legal action seeking compensatory and punitive damages as well as equitable remedies.

8. Plaintiff timely filed a Charge of Discrimination on the basis of race and retaliation with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Suit Rights on or about August 17, 2020, attached hereto as *"Exhibit A."*

## Parties

9. The Plaintiff is an African American citizen, residing in Jonesboro, Craighead County, Arkansas.

10. Defendant Great Dane is a foreign for-profit corporation organized under the laws of the State of Georgia, doing business in Arkansas. At all relevant times, Great Dane has been and is now doing business in the State of Arkansas and the City of Jonesboro, and has continuously had and does now have at least 450 employees. Great Dane is a leading manufacturer of high-performance commercial transportation equipment, including dry and refrigerated trailers and truck bodies, as well as steel, aluminum and combo platform trailers.

11. Defendant's registered agent for service is The Corporation Company, 425 W. Capitol Avenue, Suite 1700, Little Rock, AR 72201.

12. This action is properly filed within the applicable statute of limitations; a copy of Plaintiff's Notice of Suit Rights is attached as Exhibit "A".

13. Defendant at all relevant times met all statutory requirements under 42 U.S.C. § 2000e et seq.

## COUNT I
### (Race)

14. Plaintiff Doughty is an African American male.

15. Plaintiff was hired to work at Defendant Great Date through a temporary service, on or about August 9, 2017, as an assembler at $13.25 per hour.

16. Plaintiff was promoted to a full time, regular employee, and soon moved up to the position of welder and painter at the rate of $18.75 per hour.

17. On or about August 22, 2020, at 1:40 a.m., Plaintiff and another employee had an altercation when a white employee, J.J., call Plaintiff a queer.

18. Later that afternoon, Plaintiff called J.J. a queer.

19. J.J. said to Plaintiff, "What did you call me?"

20. Plaintiff said "Queer, didn't you call me one earlier?"

21. J.J. said to Plaintiff, "So, I don't give a damn," and Plaintiff proceeded to walk out the door.

22. As Plaintiff was walking out the door, J.J. got in front of Plaintiff and said, "Don't you ever call me that again, you f***ing Nigger."

23. Then J.J. punched Plaintiff in Plaintiff's stomach.

24. Plaintiff never threw a punch at J.J.

25. Plaintiff told J.J., "Don't ever call me a Nigger again," and walked away.

26. Plaintiff realized that J.J. punched him so he walked back and said, "Don't ever put your hands on me again."

27. J.J. tried to get Plaintiff to come out and fight.

28. A supervisor got between J.J. and Plaintiff, as J.J. was getting ready to swing at Plaintiff again.

29. The plant foreman took J.J. home as J.J. lived with the plant foreman, Mike Gann.

30. After that the foreman, Mike Gann, returned and asked Plaintiff what happened.

31. After telling Mike Gann what happened, Plaintiff wrote a statement.

32. Plaintiff knew something was going to happen to him because Mike Gann and J.J. lived together.

33. Two weeks before Plaintiff and J.J.'s altercation, J.J. had an incident with a black woman, Alexis, who J.J. called a Nigger.

34. Plaintiff's supervisor, Eric Hoffman, called the supervisor to pick up J.J. after J.J.'s incident with Alexis.

35. Plaintiff got off work at 5:00 a.m. on August 23, 2019, and returned to work at 5:00 p.m. that day.

36. At 7:10 p.m., on August 23, 2019, Plaintiff told his supervisor, Eric Hoffman, that he didn't feel comfortable at work because the guy that assaulted him lives with the plant foreman, and the plant foreman took him home and two weeks before that he picked him up after he called Alexis a Nigger.

37. Plaintiff told Eric Hoffman he wanted to talk to human resources so he could talk to corporate; ten minutes later, Plaintiff got the sticky note.

38. At 7:20 p.m., on August 23, 2019, Plaintiff was called to the office and told he was fired by a supervisor, Scott Meriack, who handed him a sticky note and told Plaintiff to leave immediately.

39. Scott Meriack told Plaintiff that this was so messed up, you shouldn't be the one getting fired.

## COUNT II
(Arkansas Civil Rights Act of 1993)

40. Plaintiff incorporates herein by reference all preceding paragraphs of this First Amended Complaint as if fully set forth herein.

41. Plaintiff alleges a pendent state cause of action pursuant to the Arkansas Civil Rights Act of 1993, § 16-123-107, et sec.

42. Arkansas Code Annotated 16-123-107(a) provides:

(a) The right of an otherwise qualified person to be free from discrimination because of race, religion, national origin, gender, or the presence of any sensory,

mental, or physical disability is recognized as and declared to be a civil right. This right shall include, but not be limited to:

> (1) The right to obtain and hold employment without discrimination;

43. Arkansas Code Annotated 16-123-107(c)(1)(A) provides:

(c)(1)(A) Any individual who is injured by employment discrimination by an employer in violation of subdivision (a)(1) of this section shall have a civil action against the employer only in a court of competent jurisdiction, which may issue an order prohibiting the discriminatory practices and provide affirmative relief from the effects of the practices, and award back pay, interest on back pay, and, in the discretion of the court, the cost of litigation and a reasonable attorney's fee.

44. Arkansas Code Annotated 16-123-107(2)(A) provides:

(2)(A) In addition to the remedies under subdivision (c)(1)(A) of this section, any individual who is injured by intentional discrimination by an employer in violation of subdivision (a)(1) of this section shall be entitled to recover compensatory damages and punitive damages.

45. Plaintiff seeks to recover compensatory and punitive damages to the extent allowed by law, and in the discretion of the Court, to recover the cost of litigation and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays the Court cause service to issue upon Defendant in this matter, and advance this case on the docket, order a speedy hearing, and on such hearing to this Court that it:

Enter a declaratory judgment declaring that the practices complained of herein are unlawful and violative of Title VII and 42 U.S.C. § 1981;

Grant a judgment against Defendant as follows:

Award Plaintiff compensatory damages and punitive damages in the amount of more than is required for federal diversity jurisdiction;

6

Award Plaintiff his costs and disbursements incurred in bringing this action, including a reasonable attorney fee and prejudgment expenses and costs as provided by law; and

Grant such other and further relief as is equitable and just.

> Respectfully submitted,
>
> LARRY J. STEELE PLC
>
> By: *Larry J. Steele*
> LARRY J. STEELE (78146)
> P.O. Box 561
> 225 West Elm Street
> Walnut Ridge, AR 72476-0561
> (870) 886-5840
> (870) 886-5873 fax
> email: steelelaw7622@sbcglobal.net
> *Attorney for Plaintiff, Devante Doughty*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Devante I. Doughty<br>421 Calion St.<br>Jonesboro, AR 72401 | **From:** Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No | EEOC Representative | Telephone No |
|---|---|---|
| 493-2019-02192 | Matilda S. Louvring, Investigator | (501) 324-5535 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

William A. Cash, Jr.,
Area Office Director

AUG 1 7 2020
*(Date Mailed)*

Enclosures(s)